```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
MIGUEL HIDALGO,                     :
                                    :
                    Plaintiff,      :     ORDER
                                    :
          - against -               :     08 Civ. 7536 (DC)
                                    :
KIKENDALL, et al.,                  :
                                    :
                    Defendants.     :
                                    :
- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-20-09

**CHIN, District Judge**

      By letter dated April 6, 2009, a copy of which is attached to this Order, <u>pro se</u> plaintiff Miguel Hidalgo informed the Court that he has been released on parole and will soon be deported to the Dominican Republic. To continue with his case, brought pursuant to 42 U.S.C. § 1983 for injunctive relief and monetary damages, plaintiff "granted power-of-attorney to [his] brother, Lorenzo Hidalgo, thereby authorizing him to intervene in all matters on [plaintiff's] behalf."

      To the extent that plaintiff is requesting that his brother act as his representative in this matter, his request is denied, as plaintiff does not indicate that his brother is an attorney. "New York law prohibits the practice of law in this State on behalf of anyone other than himself or herself by a person who is not an admitted member of the Bar, regardless of the authority purportedly conferred by execution of a power of attorney." <u>People ex rel. Field v. Cronshaw</u>, 138 A.D.2d 765, 765, 526 N.Y.S.2d 579, 579-80 (2d Dep't 1988); <u>see also</u> <u>Mandeville v. Wertheimer</u>, No. 01 Civ. 4469 (JSR) (DF), 2002 U.S.

Dist. LEXIS 4628, at **4-9 (S.D.N.Y. Mar. 19, 2002) (refusing to permit two pro se litigants to be represented by their non-attorney daughter through granting power of attorney).

To the extent that plaintiff is simply requesting that his brother be authorized to act as his attorney-in-fact -- so that, for example, his brother could execute a settlement agreement on plaintiff's behalf -- his request is granted. The Court notes, however, that unless plaintiff's brother is an attorney, the brother must retain an attorney in this case. The Court notes also that plaintiff and his brother would face the additional obstacle of proving plaintiff's claims without his presence in the United States to testify.

Plaintiff is hereby ordered to notify the Court in writing by May 22, 2009 whether his brother is an attorney; if not, whether his brother intends to retain counsel to appear in this action; and how plaintiff and his brother intend to prove plaintiff's claims without his presence in this country.

SO ORDERED.

Dated:   New York, New York
         April 20, 2009

DENNY CHIN
United States District Judge